IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON MCCLEES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S *PRO SE* MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:03-CR-295 TS |

This matter is before the Court on Defendant's *Pro Se* Motion for Early Termination of Supervised Release. The government does not object to early termination in this case. Having considered the file, the circumstances presented by this case, and being otherwise fully informed, the Court will grant Defendant's Motion, as set forth below.

BACKGROUND

On September 15, 2003, Defendant pleaded guilty to Count I of the Indictment, Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 846. Defendant was sentenced on December 4, 2003, to a 46-month term of incarceration, to be followed by a 48-

month term of supervised release. Defendant began his term of supervised release on May 2, 2007.

## DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

The Court has considered these factors, has reviewed the docket and case file, and has consulted with Defendant's supervising officer. It has been represented to the Court that Defendant has fully complied with the conditions of his supervision and has been cooperative with the United States Probation Office. It has been further represented that Defendant has satisfied his Court ordered obligations, has maintained a stable residence, and has maintained full-time employment.

The Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice. The only impediment to Defendant's early termination is the fact that Defendant was convicted of an offense which carries a four-year minimum mandatory term of supervised release.[1] However, this Court has found that the Court retains the authority to terminate a defendant's term of supervised release before the four-year term has run.[2]

---

[1] *See* 21 U.S.C. § 841(b)(1)(b).

[2] *See United States v. McClister*, 2008 WL 153771 (D. Utah Jan. 14, 2008).

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's *Pro Se* Motion for Early Termination of Supervised Release (Docket No. 66) is GRANTED; it is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately, and this case shall be closed.

SO ORDERED.

DATED this 9th day of February, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge